Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7720 | **DATE** | |
| **CASE TITLE** | Doikah S. Gray (#K-70373) vs. Nichol Taylor, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for appointment of counsel [#37] is denied. Defendants' motion for extension of time to file answer (33) is granted.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by harassing and retaliating against him for speaking out about a prison employee's misconduct, and by denying him due process in prison disciplinary proceedings. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially **(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.